IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN L. SMITH,

    Petitioner,　　　　　　　　　　No. CIV S-08-0653 GEB EFB P

    vs.

D.K. SISTO, et al.,

    Respondents.　　　　　　　　　　FINDINGS AND RECOMMENDATIONS

    ————————————————/

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging a 2005 denial of parole. Respondent moves to dismiss the petition on the ground that it is untimely. For the reasons explained below, the court finds that the petition is timely and recommends that the motion be denied.

**I.　Procedural History**

On November 1, 2005, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole. Pet., Ex. 1. On July 16, 2006 petitioner filed a habeas petition in the Los Angeles County Superior Court, challenging the Board's decision.[1] Resp.'s Mot. to Dism.

---

[1] The court deems the filing date for each of petitioner's habeas petitions to be the date reflected on the certificate of service for the respective petitions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002)

1

("Mot."), Ex. A at 5 (copy of petition). On April 5, 2007, the superior court found that the petition had not been served on the respondent and ordered petitioner to lodge a complete copy of the petition, along with all exhibits, so that respondent could be served. Mot., Ex. B at 1. The petitioner complied with that order on May 6, 2007, and on August 20, 2007, the superior court denied the petition on its merits. Mot., Exs. A, C. Thereafter, petitioner filed a habeas petition in the California Court of Appeal, Second Appellate District, which was denied on November 2, 2007. Mot., Ex. D. Petitioner then filed a habeas petition in the California Supreme Court, which was denied on January 3, 2008. Mot., Ex. E. Petitioner filed the instant petition on March 21, 2008.

## II. Statute of Limitations

The statute of limitations for federal habeas corpus petitions is set forth in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The statute of limitations for habeas petitions challenging parole suitability hearings is based on § 2244(d)(1)(D), i.e., the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. *Redd v. McGrath*, 343 F.3d 1077 (9th

---

(applying mailbox rule to petitions filed in state court).

2

Cir. 2003). Courts ordinarily deem the factual predicate to have been discovered the day the decision becomes final, i.e., 120 days after the Board finds a petitioner not suitable for parole. *See Gray v. Cramer*, No. S-07-1928, 2009 U.S. Dist. LEXIS 25293, at *6-7 (E.D. Cal. Mar. 27, 2009); *Woods v. Salazar*, No. CV 07-7197, 2009 U.S. Dist. LEXIS 64573, at *16-17 (C.D. Cal. Mar. 23, 2009), *adopted by* 2009 U.S. Dist. LEXIS 64575; *Nelson v. Clark*, No. 1:08-cv-0114, 2008 U.S. Dist. LEXIS 48682, at *7-9 (E.D. Cal. June 23, 2008), *adopted in full by* 2008 U.S. Dist. LEXIS 71061.

### A. Statutory Tolling

When a petitioner properly files a state post-conviction application, the limitations period is tolled and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

### B. Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In light of this pronouncement, the Ninth Circuit has reiterated that the threshold necessary to trigger equitable tolling is very high, and clarified that equitable tolling only applies where a petitioner shows that despite diligently pursuing his rights, some external force *caused* the untimeliness. *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).

////

////

3

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

**III.   Analysis**

Respondent submits that the statute of limitations period began to run on November 1, 2005, the date of petitioner's parole hearing, when the Board decided that petitioner was unsuitable for parole. Mot. at 3. As petitioner points out, however, the Board's decision was only a proposed decision that did not become final until 120 days after the hearing. Pet'r's Opp'n at 2; *see also* Cal. Penal Code § 3041(b). Because there was no final decision until 120 days after the hearing, the factual predicate of petitioner's claim and the claim itself were not ripe for review before that date. Accordingly, the limitations period accrued on March 1, 2006, the day the Board's decision became final, and petitioner had one year thereafter to file a timely petition, i.e., until March 1, 2007. Absent tolling, the instant petition is over one year late.

As previously noted, petitioner filed a habeas petition in the Los Angeles County Superior Court on July 16, 2006. Mot., Ex. A at 5 (copy of petition). On April 5, 2007, the court directed petitioner to lodge a complete copy of the petition for service on the respondent and stated that failure to do so would result in dismissal. Mot., Ex. B at 1 (copy of order). On August 20, 2007, after petitioner lodged a complete copy of the petition, the court denied the petition in a reasoned decision. Mot., Ex. A at 1-3 (copy of order).

Respondent contends that the habeas petition filed in the Los Angeles County Superior court was not *properly* filed until May 6, 2007, the date on which petitioner complied with the court's April 5, 2007 order. Mot. at 3. Respondent concludes that by then, the limitations period had expired and therefore, the instant petition is untimely. *Id.* at 4. The court disagrees.

The United States Supreme Court has explained the difference between an application that is merely "filed" and one that is "properly filed" for purposes of section 2244(d)(2).

////

4

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "*properly filed*" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

*Artuz*, 531 U.S. at 8. Thus, to determine when a state habeas petition was "properly filed" for purposes of statutory tolling, the court must determine when the state habeas petition "complied with all filing conditions imposed by California law." *Zepeda v. Walker*, 581 F.3d 1013, 1017 (9th Cir. 2009) (unverified petition not properly filed because verification is a condition to filing under California law).

Here, the court must decide whether service of the petition on the respondent is a condition to filing under California law. Respondent argues that it is, Mot. at 3; Resp.'s Reply to Opp'n at 2-3, but submits no authority for this position. Respondent cites to two cases, both of which fall squarely within the examples listed in *Artuz*, but do not contemplate the circumstances presented in this case. As such, they are of little value in resolving the instant issue. In one case, the court found that the state habeas petition was not properly filed when it was submitted on the wrong form. In the other case, the court found that the state habeas petition was not properly filed when the petitioner lodged it in the wrong court. Mot. at 3 (citing *Chavis v. Lemarque* 382 F.3d 921, 927 (9th Cir. 2004), *rev'd on other grounds*, *Evans v. Chavis*, 546 U.S. 189 and *Hood v. Galaza*, 47 F. Supp.2d 1144, 1147 (S.D. Cal. 1999)). While these cases are consistent with the holding in *Artuz*, they do not further the argument that proper service, like proper form and lodging in the proper court, are conditions to filing. In essence, respondent argues that the failure to complete service after the filing of the petition not only warranted either a dismissal or a denial of the petition, but that the petition be treated as though it was never filed in the first instance.

In this case, the superior court could not proceed with petitioner's habeas petition until it had been served on the respondent. In ordering petitioner to lodge a complete copy of the

petition, the court cited to California Penal Code § 1475, which requires that an application for a writ of habeas corpus be served on the responding party "and no application for the writ can be heard without proof of service." Mot., Ex. B. at 1; *see also In re Application of Moffett*, 13 Cal.App.2d 741, 742 (1936) ("proof of due service is a necessary prerequisite to a consideration of the [habeas] petition on its merits, and in the absence of such proof the court is without power to proceed."). Clearly, California law requires that a habeas petition be properly served before a court can consider the petition on its merits. However, there is no indication that proper service is a filing condition imposed by California law, such that defective service would render a petition improperly filed for purposes of section 2244(d)(2). *See Matthews v. Fisher*, No. 1:08-cv-1691, 2009 U.S. Dist. LEXIS 10968, at *11 (E.D. Cal. Feb. 13, 2009) (where superior court ordered petitioner to serve copy of petition on respondent, and to submit a complete copy of parole hearing transcript, application was not improperly filed), *adopted in full by*, 2009 U.S. Dist. LEXIS 10968 (E.D. Cal. Feb. 13, 2009); *see also Artuz*, 531 U.S. at 11 (holding that state procedural bars, while conditions for obtaining relief, are not conditions to filing, and therefore, do not render a state petition "improperly filed" for purposes of section 2244(d)(2)).

The court finds that petitioner properly filed his state habeas petition on July 16, 2006, notwithstanding the fact that petitioner failed to lodge a complete copy of the petition for service on the respondent. Accordingly, petitioner is entitled to statutory tolling from July 16, 2006, the date the petition was properly filed in the superior court, to August 20, 2007, the date the petition was denied. *See* Mot., Ex. A. As of July 16, 2006, 137 days of the one year limitations period had expired. With tolling for the 400 days that the superior court petition was pending, the limitations period was extended from March 1, 2007 to April 4, 2008.[2] The instant petition, filed March 21, 2008, is therefore timely.

---

[2] Petitioner does not argue, and the court need not decide, whether petitioner is also entitled to statutory tolling for the period during which his two subsequent state post-conviction applications were pending.

6

## IV. Conclusion

Petitioner has shown he is entitled to statutory tolling and that the instant petition is therefore timely.

Accordingly, it is hereby RECOMMENDED that:

1. Respondent's July 15, 2009 motion to dismiss be denied;

2. Respondent be directed to file and serve an answer and not a motion in response to petitioner's application within 60 days from the date of any order adopting these recommendations, *see* Rule 4, Fed. R. Governing § 2254 Cases, and further be directed that the response shall be accompanied by any and all transcripts or other documents relevant to the determination of the issues presented in the application, *see* Rules 4, 5, Rules Governing Section 2254 Cases; and

3. Petitioner be directed that his traverse, if any, shall be filed and served within 30 days of service of an answer.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: February 9, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE