IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN L. SMITH,

     Petitioner,                     No. CIV S-08-0653 GEB EFB P

    vs.

D. K. SISTO, et al.,

     Respondents.              FINDINGS AND RECOMMENDATIONS

        Petitioner is a state prisoner proceeding *in propria persona* with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the decision of the California Board of Parole Hearings (hereinafter "Board") to deny him parole at a parole consideration hearing held on November 1, 2005.

        For the reasons that follow, the petition for writ of habeas corpus must be denied.

**I. Procedural Background**

        Petitioner is confined pursuant to a 1985 judgment of conviction entered against him in the Los Angeles Superior Court following his conviction on charges of first degree murder with use of a gun. Pet. at 1.[1] Pursuant to that conviction, petitioner was sentenced to twenty-six years

---

[1] Page number citations to the petition are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1

to life in state prison. *Id.*

The parole consideration hearing at issue was held on November 1, 2005. Pet., Ex. 1. Petitioner appeared at and participated in the hearing. *Id.* Following deliberations held at the conclusion of the hearing, the Board panel announced their decision to deny petitioner parole for two years and the reasons for that decision. *Id.* at 58-64.

On August 10, 2006, petitioner challenged the Board's 2005 decision in a petition for writ of habeas corpus filed in the Los Angeles County Superior Court. Answer, Ex. 1. The Superior Court denied that petition in a decision on the merits of petitioner's claims. *Id.*, Ex. 2. Petitioner subsequently challenged the Board's 2005 decision in a petition for writ of habeas corpus filed in the California Court of Appeal and a petition for review filed in the California Supreme Court. *Id.*, Exs. 3, 4. Those petitions were summarily denied. *Id.*, Exs. 5, 6.

**II. Standards for a Writ of Habeas Corpus**

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" clearly established United States Supreme Court precedents "if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases', or if it 'confronts a set of facts that are materially indistinguishable from a decision'" of the Supreme Court and nevertheless arrives at a different result. *Early v. Packer*, 537 U.S. 3, 8 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)).

////

Under the "unreasonable application" clause of section 2254(d)(1), a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from the Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous.'")

The court looks to the last reasoned state court decision as the basis for the state court judgment. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002). *See also Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) ("When more than one state court has adjudicated a claim, we analyze the last reasoned decision"). Where the state court reaches a decision on the merits but provides no reasoning to support its conclusion, a federal habeas court independently reviews the record to determine whether habeas corpus relief is available under section 2254(d). *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000).

**III. Petitioner's Claims**

    **A. Violation of Due Process**

In petitioner's first ground for relief, he claims that the Board's 2005 decision violated his right to due process because the Board improperly relied on the unchanging circumstances of his crime of conviction to find him unsuitable for parole. Pet. at 5. In his fifth ground for relief, petitioner claims that the Board's decision was invalid because "the Board disagreed with the forensic psychologist who prepared a psyche evaluation report on petitioner." *Id.* at 7. Both of these claims essentially challenge the Board's 2005 denial of parole as a violation of due process on the basis that the Board's decision was not supported by reliable evidence in the record. Accordingly, these claims will be addressed together as a single due process claim.

3

The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law. A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient. *Kentucky Dep't of Corrections v. Thompson,* 490 U.S. 454, 459-60 (1989).

A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (citations omitted). *See also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set. *Jago v. Van Curen*, 454 U.S. 14, 17-21 (1981); *Greenholtz v. Inmates of Neb. Penal*, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); *see also Hayward v. Marshall*, 603 F.3d 546, 561 (9th Cir. 2010) (en banc). However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest." *Greenholtz*, 442 U.S. at 12. *See also Allen*, 482 U.S. at 376-78.

California's parole scheme gives rise to a liberty interest in parole protected by the federal due process clause. *Swarthout v. Cooke*, 562 U.S. ___ (2011), No. 10-333, 2011 WL 197627, at *2 (Jan. 24, 2011) (per curiam). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. *In re Lawrence*, 44 Cal.4th 1181, 1205-06, 1210 (2008); *In re Rosenkrantz*, 29 Cal.4th 616, 651-53 (2002). However, the United States Supreme Court has held that correct application of California's "some evidence" standard is not required by the federal Due Process Clause. *Swarthout*, 2011

4

WL 197627, at *2. Rather, the inquiry on federal habeas is whether the petitioner has received "fair procedures" for vindication of the liberty interest in parole given by the state. *Id.* In the context of a parole suitability hearing, a petitioner receives adequate process when he/she is allowed an opportunity to be heard and a statement of the reasons why parole was denied. *Id.* at **2-3 (federal due process satisfied where petitioners were "allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied"); *see also Greenholtz*, 442 U.S. at 16.

Here, the record reflects that petitioner was present at the 2005 parole hearing, that he participated in the hearing, and that he was provided with the reasons for the Board's decision to deny parole. Pursuant to *Swarthout*, this is all that due process requires. Accordingly, petitioner's claim that the Board's 2005 decision violated his right to due process should be denied.

**B. Violation of First Amendment**

Petitioner's second claim is that the Board's denial of parole violated his rights under the Establishment Clause of the First Amendment because it was based, in part, on his failure to consistently attend Alcoholics Anonymous or Narcotic Anonymous, which are faith-based programs. Pet. at 5.[2]

////

---

[2] Petitioner also argues that attendance at these programs is "not a legal administrative regulation according to law." *Id.* This allegation is vague and conclusory and should be denied on that basis. *See Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'") (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994)). In addition, any claim that the Board failed to comply with state administrative regulations or laws is not cognizable in this federal habeas action. *See Rivera v. Illinois*, ___ U.S. ___, 129 S.Ct. 1446, 1454 (2009) ("[A] mere error of state law . . . is not a denial of due process") (quoting *Engle v. Isaac*, 456 U.S. 107, 121, n. 21 (1982) and *Estelle v. McGuire*, 502 U.S. 62, 67, 72-73 (1991)); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) "a state court's interpretation of state law . . . binds a federal court sitting in federal habeas")

The California Superior Court denied petitioner's First Amendment claim, reasoning as follows:

> Petitioner's argument that the Board's consideration of his failure to consistently participate in Alcoholic Anonymous or other substance abuse-related self-help programs violates his freedom of religion, is without merit. Suggesting participation in Alcoholics Anonymous does not violate the Establishment Clause, as the primary effect of encouraging participation in such programs is not to advance a specific religious belief, but to treat substance abuse. *See O'Commor v. CA* (1994) 855 F.Supp. 303, 307-08. As Petitioner has a history of substance abuse and was drinking at the time of the commitment offense, it is perfectly reasonable for the Board to suggest that consistent participation in self-help programs for substance abuse would make him less of a risk to society and, therefore, more suitable for release on parole.

Answer, Ex. B.

"It is beyond dispute that, at a minimum, the Constitution guarantees that government may not coerce anyone to support or participate in religion, or its exercise . . . ." *Lee v. Weisman*, 505 U.S. 577, 587 (1992). In *Inouye v. Kemna*, 504 F.3d 705, 713 n.7 (9th Cir. 2007), the Ninth Circuit adopted a three part inquiry for determining whether there has been governmental coercion of religious activity. Those inquiries are: (1) has the state acted; (2) does the state action amount to coercion; and (3) is the object of the coercion religious rather than secular? 504 F.3d at 713. In the parole suitability context, the first element of the *Inouye* coercion test is satisfied if the Board expressly states that the prisoner must participate in the faith-based program at issue. *Turner v. Hickman*, 342 F. Supp.2d 887, 894-95 (E.D. Cal. 2004) (applying "coercion test" to § 1983 action alleging inmates were required to participate in a faith-based treatment program as a condition for release on parole). The second element is met if the Board advises the prisoner he will not be eligible for parole unless he participates in the particular faith-based program. *Id.* at 896.[3]

////

---

[3] Programs such as AA and NA are "fundamentally religious" within the meaning of the third element of the coercion test. *Turner*, 342 F. Supp. at 896-97.

6

During the 2005 hearing, Deputy Commissioner Blonien noted that petitioner had consistently attended AA and NA meetings in 1988, but that there was a "brake [sic] in the action until 2002." Pet., Ex. 1 at 34. Petitioner explained that he had been participating in AA meetings but that he "went through a little moment where I took a step back to try to, try to get my family back in order because they was going through some changes too." *Id.* The Commissioner noted that petitioner had consistently attended AA meetings since 2002. *Id.* at 34-35. Petitioner stated that he had "worked through" and memorized "the steps" and that he tried to apply them to his life. *Id.* at 35. Petitioner also explained that one of the tenets of his Islam faith was abstention from alcohol and drugs. *Id.* at 48. However, he had made a decision to stop using drugs and alcohol before he became a Muslim. *Id.* at 49.

When announcing its decision, the Board made the following remarks:

> Yoru [sic] record in dealing with substance abuse appears to the board to be somewhat spotty. You have been inconsistent in AA or NA, I think yoru [sic] response to that is you rely upon yoru [sic] religion and yoru [sic] (indiscernible) not to return to that lifestyle and you know while we don't discount that it is important to us to have in front of us documentation with specific things you have done to recognize the potential role that alcohol had on yoru [sic] prior lifestyle and yoru [sic] recognition of steps you have taken to assure us by yoru [sic] studies and documentation (indiscernible) that you won't be returning to that lifestyle."

*Id.* at 61.

After a review of this record, the court concludes that petitioner has failed to meet the first and second *Inouye* tests described above. Although the Board panel presiding over petitioner's 2005 suitability hearing discussed the sufficiency of his participation in substance abuse programming, the panel did not indicate that petitioner was required to participate in AA, NA, or any other faith based substance abuse program in order to be found suitable for parole. *Cf. Turner*, 342 F. Supp.2d at 891-92 (the *Inouye* "coercion test" for proving a First Amendment violation is satisfied where a panel member advised prisoner that his participation in NA was a "mandatory" prerequisite to the Board's parole suitability determination). Moreover, petitioner

7

never expressed to the Board that his religious beliefs conflicted with participation in the substance abuse programs offered at his institution of confinement. Indeed, petitioner informed the Board that he attended AA meetings, "worked the steps," and tried to apply them to his life. Under these circumstances, petitioner has failed to demonstrate a First Amendment violation resulting from the Board's remarks about AA/NA programs. Accordingly, petitioner is not entitled to federal habeas relief on this claim.

### C. Biased Panel

In his third ground for relief, petitioner claims that he was "denied the right to an impartial hearing panel due to former District Attorney/Commissioner Farmer retrying the crime as if petitioner was on trial again." Pet. at 6. To the extent petitioner is arguing that the Board violated his right to due process when it relied on his crime of conviction to find him unsuitable for parole, that claim should be denied for the reasons set forth above. To the extent petitioner is arguing the Board's decision was unlawful because the panel was biased against him, for the following reasons he is not entitled to relief.

Petitioner's claim alleging that Commissioner Farmer was biased is not supported by any factual allegations or argument. As such, this claim fails because his assertions of bias are conclusory. *See Jones*, 66 F.3d at 204-05. The claim also fails on its merits.

It is true that a prisoner is entitled to have his parole application considered by "a neutral and detached hearing body" that is "free from bias or prejudice." *O'Bremski v. Maass*, 915 F.2d 418, 422 (9th Cir. 1990) (internal quotations omitted). Administrative adjudicators are presumed to act with honesty and integrity. *See Hortonville Joint Sch. Dist. No. 1 v. Hortonville Educ. Ass'n,* 426 U.S. 482, 496-97 (1976). To overcome this presumption, a petitioner alleging bias "must show that the adjudicator has prejudged or reasonably appears to have prejudged, an issue." *Stivers v. Pierce*, 71 F.3d 732, 741 (9th Cir. 1995) (internal quotations omitted). A petitioner may make this showing in two ways. First, "the proceedings and surrounding circumstances may demonstrate actual bias on the part of the adjudicator." *Id.* Second, a

petitioner may show that "the adjudicator's pecuniary or personal interest in the outcome of the proceedings . . . create[d] an appearance of partiality that violates due process . . . ." *Id.*

In support of his claim of bias, petitioner directs the court's attention to the hearing transcript wherein Commissioner Farmer read the facts of petitioner's crime into the record and asked petitioner to explain what happened, and a news article from the Sacramento Bee reporting on the Senate Rules Committee's denial of Mr. Farmer's confirmation to the Board.[4]  Pet. at 6; Ex. 1 at 9-20; Dckt. 2 at 83.  These documents do not provide evidence that Commissioner Farmer, or any other commissioner, prejudged petitioner's eligibility for parole, harbored actual bias against petitioner, or had a pecuniary or personal interest in the outcome of the proceedings. Nor does this evidence overcome the presumption that the Board acted with honesty and integrity in reaching its 2005 decision denying him parole.  Accordingly, petitioner is not entitled to relief on his claim of bias.

**D. Ineffective Assistance of Counsel**

In his fourth ground for relief, petitioner claims that his attorney at the 2005 parole suitability hearing rendered ineffective assistance because he "failed to object to the board applying 'underground regulations' to support their denial of parole, and petitioner's counsel failed to object Presiding Commissioner Terry Farmer (a former prosecutor), from retrying his crime."  Pet. at 6.

The California Superior Court rejected petitioner's claim in this regard, reasoning as follows:

> Finally, Petitioner's argument that he was given ineffective assistance of counsel is also without merit.  There is no evidence on the record that indicates Petitioner's attorney, Mr. Alvord, was ineffective in his representation at the parole hearing.  Although Petitioner contends that Mr. Alvord failed to read his file and failed to assist with objections throughout the hearing, the record indicates that Mr. Alvord did appear to be informed about

---

[4] The date of this article appears to be June 16, 2006, but it is not clear from the copy provided to the court.  *See* Dckt. 2 at 83.

9

> Petitioner's file and even corrected the Board's initial assessment of the commitment offense, in which they attributed a rape committed three days prior to the offense to Petitioner and his accomplices. Additionally, Petitioner's claim that Mr. Alvord is not a true member of the State Bar of California is false. The State Bar's records indicated that Mr. Alvord is, in fact, an active member of the Bar, in good standing.

Pet., Ex. 2.

Petitioner has cited no authority for the proposition that the Sixth Amendment guarantees representation by counsel at parole suitability hearings. In an unpublished disposition, the U.S. Court of Appeals for the Ninth Circuit has noted that "there does not appear to be a constitutionally recognized right to counsel at parole hearings." *Redd v. Marshall*, No. 93-15578, 1994 WL 279230, at *3 n.7 (9th Cir. June 22, 2994) (citing *Greenholtz*, 442 U.S. at 15). *See also Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973) (right to counsel only in minority of parole and probation revocation hearings where fundamental fairness requires it). "Without a right to the appointment of counsel, there can be no right to the effective assistance of counsel." *Martinez v. Schriro* 623 F.3d 731, 743 (9th Cir. 2010). Accordingly, petitioner's claim of ineffective assistance of counsel appears to be unavailing.

Even if counsel were constitutionally required at parole hearings, petitioner has failed to show that he is entitled to relief. To support a claim of ineffective assistance of counsel, a petitioner must show that counsel's performance fell below an objective standard of reasonableness and that he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. There is no evidence that counsel's failure to object to "underground regulations" or to Commissioner Farmer's questions about the crime resulted in prejudice, as that term is defined in *Strickland*. The decision of the California Superior Court rejecting this claim is not contrary to or an unreasonable application of federal law. Accordingly, petitioner is not entitled to habeas relief.

10

## IV. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

In any objections he elects to file, petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. *See* Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant); *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc) (prisoners are required to obtain a certificate of appealability to review the denial of a habeas petition challenging an administrative decision such as the denial of parole by the parole board).

DATED: February 15, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE